## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**KENDRICK E. DULDULAO,**

      **Plaintiff,**

**v.**                                **Case No.  8:11-cv-2444-T-30EAJ**

**WFM-WO INC. and INLAND WESTERN
TAMPA WALTERS, LLC,**

      **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Whole Foods Market's Motion to Dismiss or, in the Alternative, for a More Definite Statement (Dkt. 12) and Plaintiff's Response in opposition (Dkt. 28).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

Plaintiff Kendrick E. Duldulao brought a complaint against Defendants under Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 (the "ADA").  Defendant Whole Foods Market ("Whole Foods") moves to dismiss the complaint, or for a more definite statement, based on Plaintiff's failure to establish standing.  Specifically, Whole Foods argues that Plaintiff "has not set forth a real and immediate threat of repeated injury."  Whole Foods also contends that, even if Plaintiff's allegations are sufficient to establish

standing, the complaint is "so vague or ambiguous that a responsive pleading cannot be drafted."

The Court concludes that Plaintiff's complaint sufficiently alleges standing and is not so vague or ambiguous as to require a more definite statement.  The complaint alleges Plaintiff is an individual with a disability, Whole Foods is a place of public accommodation, Plaintiff visited the subject facility in the past, resides within a relatively short driving distance to said subject facility, and Plaintiff plans to immediately return to the subject facility, immediately upon it being made accessible.

Notably, this Court previously held in an ADA case like the instant case, where the defendant made a similar argument with respect to standing and vagueness:

> the elements of an action under Title III of the ADA are that "(1) [the plaintiff] is an individual with a disability; (2) that defendant is a place of public accommodation; and (3) that defendant denied [him] full and equal enjoyment of the goods, services, facilities or privileges offered by defendant; (4) on the basis of [his] disability." *Schiavo,* 358 F.Supp.2d at 1165. Upon review of the Complaint (Dkt.1), the Court concludes that Plaintiff has sufficiently alleged the required elements of the cause of action. Defendant's arguments concerning the lack of specificity regarding the date of Plaintiff's visit and the specific violations he encountered are not persuasive at this stage. Defendant can obtain more specific information through discovery.

*Raetano v. Sardo'S Pizza, Inc.*, 2010 WL 326167, at *3 (M.D. Fla. Jan. 21, 2010).  For these same reasons, Whole Food's motion to dismiss is due to be denied

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant Whole Foods Market's Motion to Dismiss or, in the Alternative, for a More Definite Statement (Dkt. 12) is DENIED.

2.      Defendant Whole Foods Market must file an answer to the complaint within

fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on March 6, 2012.


_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-2444.mtdismiss12.frm