**KENDRICK E. DULDULAO,**

     **Plaintiff,**

**v.**                            **Case No.  8:11-cv-2444-T-30EAJ**

**WFM-WO INC. and INLAND WESTERN
TAMPA WALTERS, LLC,**

     **Defendants.**

_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon various motions filed by Defendants with respect to the report provided by Robert J. Mirel, Esq. (Dkts. 33 & 35) and Plaintiff's Response to same (Dkt. 42).  The Court also reviewed WFM-WO, Inc.'s motion for involuntary dismissal, or, alternatively, rule 16(f) sanctions (Dkt. 40), and concludes that no response is needed from Plaintiff on this issue.

As an initial point, the Court notes that its ADA Scheduling Order is issued in order to encourage an early exchange of information between the parties and, optimally, an early and cost-effective resolution.  Unfortunately, the parties' behavior in this case has achieved the opposite result, that is, they have engaged in extensive motion practice and appear to disagree on just about everything, including the language contained in the Court's ADA Scheduling Order, as it relates to Plaintiff's production of an "existing expert report."

The Court's Amended ADA Scheduling Order clearly states at paragraph 1B that "Plaintiff shall provide Defendant with a copy of any <u>existing</u> expert report upon which

Plaintiff intends to rely, consistent with the provisions of Rule 26(a)(2)." (Dkt. 22). Here, however, Plaintiff has marched to his own tune with respect to following the Court's Orders. For example, on February 24, 2012, the Court issued an Order denying Plaintiff's motion for an extension of time to provide Defendants with the expert report because, as set forth above, the Amended ADA Scheduling Order (Dkt. 22) only requires Plaintiff to provide an <u>existing</u> expert report (Dkt. 27). On February 26, 2012, Plaintiff provided Defendants with a report from Robert J. Mirel, Esq. Defendants now challenge Mirel's status as an expert and move to strike his report. Curiously, Plaintiff's response indicates that Mirel is not his expert.

Given Plaintiff's representation that Mirel is not Plaintiff's expert, the Court denies Defendants' motions requesting the Court to strike him as an expert in this case.

On March 29, 2012, Plaintiff then provided Defendants with a copy of what now purports to be his expert report, that is, a report based on a Rule 34 inspection conducted by Plaintiff's expert, Michael Tobias.[1] Defendant WFM-WO, Inc. requests the Court to dismiss Plaintiff's case, or, alternatively, strike Tobias' report, because the Rule 34 inspection was conducted while discovery was stayed in this case (per the Court's Amended ADA Scheduling Order), and occurred without Defendant's or the Court's consent.

The Court concludes that WFM-WO, Inc.'s motion should be granted to the extent that Tobias' report should be stricken. In short, the report was filed in derogation of the Court's Orders and in violation of Rule 34. Accordingly, the Court grants WFM-WO's motion to

---

[1] Notably, Tobias' report could not have been "existing" at the time Plaintiff filed the instant action.

the extent that Michael Tobias' March 29, 2012 report is <u>stricken</u>.  The Court reserves ruling on Defendant's request for attorneys' fees.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendants' motions related to the report provided by Robert J. Mirel, Esq. (Dkts. 33 & 35) are denied as moot.

2.     Defendant WFM-WO, Inc.'s motion for involuntary dismissal, or, alternatively, rule 16(f) sanctions (Dkt. 40) is granted to the extent that Michael Tobias' March 29, 2012 expert report is hereby stricken.

3.     Defendant WFM-WO, Inc.'s motion to file a reply (Dkt. 43) is denied.

4.     **The Court orders the parties to mediate this dispute, before a mediator of their choice, within thirty (30) days of this Order.  It bears repeating that discovery is still STAYED.**

5.     The parties shall promptly notify the Court of the outcome of mediation.

6.     The Amended ADA Scheduling Order (Dkt. 22) is modified to the extent that it required Defendants to provide Plaintiff with a written response, including any expert report upon which they intend to rely; Defendants <u>do not have to provide Plaintiff with any expert reports at this time</u>.

**DONE** and **ORDERED** in Tampa, Florida on April 20, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Even\2011\11-cv-2444.mtsstrike33&35.frm